IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:13cr86-MHT |
| HUNTER B. MIDDLETON | ) | (WO) |

OPINION AND ORDER

This case is before the court on defendant Hunter B. Middleton's motion to continue.  The government does not oppose the request.  For the reasons set forth below after a hearing on October 21, 2013, the court finds that jury selection and trial, now set for November 4, 2013, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Middleton in a speedy trial. Middleton is seeking pre-trial diversion from the United

States Attorney's Office.  After Middleton applies for diversion, the approval process takes several weeks and the United States Probation Office indicates needing additional time to investigate Middleton's pre-trial diversion application. Given these circumstances, a continuance in this matter is appropriate.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue filed by defendant Hunter B. Middleton (doc. no. 13) is granted.

(2) The jury selection and trial for defendant Middleton, now set for November 4, 2013, are reset for March 10, 2014, at 10:00 a.m., at the Federal Building & United States Courthouse, 100 West Troy Street, Dothan, Alabama.

DONE, this the 22nd day of October, 2013.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE